1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRENDA MEDINA,                              Case No.  1:23-cv-00098-HBK[1]

12                    Plaintiff,                  ORDER GRANTING AWARD AND
                                                  PAYMENT OF ATTORNEYS FEES UNDER
13          v.                                    THE EQUAL ACCESS TO JUSTICE ACT

14    KILOLO KIJAKAZI, ACTING                     (Doc. No.  19)
      COMMISSIONER OF SOCIAL
15    SECURITY,

16                    Defendant.

17

18          Pending before the Court is the parties' stipulated motion for award of attorney's fees

19   filed on August 13, 2023.  (Doc. No. 19).  The parties agree to an award of attorney's fees and

20   expenses to Plaintiff's attorney, Francesco P. Benavides of the Law Offices of Francesco

21   Benavides, in the amount of $7,500.00 in attorney fees and expenses, pursuant to the Equal

22   Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id.*).

23          On July 27, 2023, this Court granted the parties' stipulated motion for a remand and

24   remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

25   further administrative proceedings.  (Doc. No. 17).  Judgment was entered the same day.  (Doc.

26   _____

27   [1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. No. 10).

28

1    No. 18).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)

2    & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

3    292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42

4    U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

5        The EAJA provides for an award of attorney fees to private litigants who both prevail in

6    civil actions (other than tort) against the United States and timely file a petition for fees.  28

7    U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

8    unless it finds the government's position was "substantially justified or that special circumstances

9    make such an award unjust."  *Id.*  Here, the government did not show its position was

10    substantially justified and the Court finds there are not special circumstances that would make an

11    award unjust.

12        Based on the stipulation, the Court finds an award of $7,500.00 in attorney fees and

13    expenses is appropriate.  EAJA fees, expenses, and costs are subject to any offsets allowed under

14    the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If

15    the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not

16    subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted

17    to Plaintiff's counsel.

18        Accordingly, it is **ORDERED:**

19        1.  The stipulated motion for attorney fees and expenses (Doc. No. 19) is **GRANTED**.

20        2.  The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

21    the amount of $7,500.00 in attorney fees and expenses.  Unless the Department of Treasury

22    determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA

23    fees to Plaintiff's counsel, Francesco P. Benavides of the Law Offices of Francesco Benavides, in

24    accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

25    Dated:    __August 14, 2023__

26    HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

27

28